**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.I.**

**No. 22-0098** (Ohio County 21-JA-77)

**MEMORANDUM DECISION**

Petitioner Father C.W., by counsel Dean E. Williams, appeals the Circuit Court of Ohio County's January 4, 2022, order terminating his parental rights to E.I.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Joseph J. Moses, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2021, the DHHR filed a petition alleging that petitioner abused and neglected the child by virtue of the prior involuntary termination of his parental rights to an older child. The DHHR also alleged that petitioner had a history of criminal convictions, including drug crimes, crimes of violence, and sexual crimes that required him to register as a sex offender. Petitioner was incarcerated at the outset of the proceedings and remained incarcerated throughout. Thereafter, petitioner stipulated to the allegations against him at an adjudicatory hearing in August of 2021, at which time the court found that he abused and neglected the child.

At the dispositional hearing in November of 2021, the circuit court found that petitioner had not remedied the issues present in his prior abuse and neglect case. Specifically, the court noted that petitioner was in substantially the same position as he was when his rights to an older

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

child were involuntarily terminated. Most notably, the court highlighted petitioner's status as a sex offender and an evaluator's determination that he was at a significant risk to re-offend. Based upon the evidence, the court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, which was "exacerbated by the threat of domestic violence" petitioner posed to the child's mother. The court also found that termination of petitioner's right was necessary for the child's welfare. Accordingly, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in terminating his parental rights without undertaking an appropriate analysis of the factors addressed in *Cecil T.* We disagree, as the court was under no obligation to undertake that analysis. As we directed in that matter, circuit courts are required to analyze certain factors, such as the nature of the offense and the length of incarceration, "[w]*hen no factors and circumstances other than incarceration* are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future." *Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3, in part. Critically, the circuit court in this matter considered several factors beyond petitioner's incarceration when determining that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future. This includes his failure to obtain treatment, other than substance abuse treatment, following the termination of his rights to the older child; the fact that the same conditions that led to the prior involuntary termination persisted; his status as a sex offender; and the "credible threats of domestic violence" involving petitioner. Simply put, petitioner cannot be entitled to relief on the basis that the court failed to undertake the analysis in *Cecil T.* mentioned above, because such analysis was not required.

Petitioner also argues that a less restrictive disposition was appropriate, but we have explained as follows:

---

[2]The permanency plan is for the child to remain in the custody of the nonabusing mother.

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the court made the requisite findings based upon substantial evidence, thereby demonstrating that a less restrictive alternative was not appropriate. As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn